COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

RENALDO CLOPTON,                                       )

                                                                              )              
No.  08-02-00283-CR

Appellant,                          )

                                                                              )                   Appeal from the

v.                                                                           )

                                                                              )          
Criminal District Court #3

THE STATE OF TEXAS,                                     )

                                                                              )           
of Dallas County, Texas

Appellee.                           )

                                                                              )              
(TC# F-0158402-PJ)

                                                                              )

 

O
P I N I O N

 

Appellant Renaldo
Clopton appeals his conviction for theft of property, less than $1,500,
enhanced to a state jail felony by two prior theft convictions.  After finding the two prior felony
convictions alleged in the enhancement paragraphs to be true, the jury assessed
punishment at 20 years=
imprisonment and imposed a fine of $10,000. 
In his sole issue, Appellant asserts that he was denied his right to
effective assistance of trial counsel. 
We affirm.








On the morning on
October 28, 2001, Carmen Murillo and Juan Puente, security officers at a Target
store in Dallas, Texas, watched Appellant on their security cameras as he
walked into the store, heading towards the jewelry department.  The officers saw Appellant pick up two Timex
clocks on display at the jewelry counter and stuff them down the front of his
pants.  Appellant then walked towards the
electronics department.  The security
officers left their office and went out on the sales floor to follow Appellant.  At the electronics department, they saw him
select two compact discs and place them in his jacket.  The officers followed Appellant as he walked
towards the front of the store, passed all the registers, and left the
store.  They approached Appellant,
identified themselves as security, and escorted him back to their office.

At the security office,
Appellant gave Mr. Puente the compact discs and the clocks and asked Mr. Puente
not to send him to jail.  Appellant
explained that he took the items because he was trying to get back with his
girlfriend and that he had just gotten out of jail three days ago.  When Mr. Puente asked Appellant if he had any
identification, Appellant handed Mr. Puente a citation from the Dallas
police.  The citation was for theft at a
nearby Walgreen=s, which
had occurred an hour earlier.  Following
Target store policy for shoplifting in an amount over $10, the security
officers called the police to report the incident.

Officer George
Waller of the Dallas Police Department responded to the call at the Target
store and placed Appellant under arrest based on information obtained from the
security officers.  When Officer Waller
told Appellant that he was under arrest and going to the county jail, Appellant
asked if he could receive a Class C citation instead.  The Dallas Police Department policy is to
issue citations for theft if the dollar amount of the property is under $50 in
value.  The total value of property taken
at the Target was $67.96.  Appellant told
Officer Waller that if he was taken to the jail, he was going to be sent to prison.  The Target security officers had informed
Officer Waller that Appellant had received a Class C citation for theft earlier
that day at the Walgreen=s.








Richard Hamb, a
fingerprint specialist in the Identification Bureau of the Dallas County
Sheriff=s
Department testified regarding the prior theft convictions against Appellant
alleged in the indictment.  After
comparing Appellant=s
fingerprints to those on certified copies of the previous judgments against
Appellant, it was Mr. Hamb=s
opinion that the fingerprints matched. 
On cross-examination, Mr. Hamb stated he was 100 percent certain that
Appellant was the same person convicted in the previous theft convictions.

In his sole issue,
Appellant contends that he was denied effective assistance of trial counsel
because counsel failed to stipulate to the prior theft convictions and failed
to object under Texas Rules of Evidence 404(b) and 403 to witness testimony
concerning Appellant=s
statements about his prior criminal history and his unrelated citation for
theft.

We review claims
of ineffective assistance of counsel under the two-prong test set out by the
United States Supreme Court in Strickland v. Washington, 466 U.S. 668,
104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and adopted by Texas in Hernandez v.
State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986).  To prevail, the appellant must show that
trial counsel=s
performance was deficient, that is, counsel=s
representation fell below an objective standard of reasonableness.  Thompson v. State, 9 S.W.3d 808, 812
(Tex.Crim.App. 1999); Strickland, 466 U.S. at 687-88, 104 S.Ct. at
2064.  The appellant must also show that
counsel=s
deficient performance prejudiced his defense. 
Strickland, 466 U.S. at 687, 104 S.Ct. at 2064; Jackson v.
State, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994).  This requires the appellant to show there is
a reasonable probability that, but for counsel=s
unprofessional errors, the result of the proceeding would have been
different.  Strickland, 466 U.S.
at 694, 104 S.Ct. at 2068; Jackson, 877 S.W.2d at 771.  A reasonable probability is a probability
sufficient to undermine confidence in the outcome.  Strickland, 466 U.S. at 694, 104 S.Ct.
at 2068; Jackson, 877 S.W.2d at 771.








In reviewing an
ineffective assistance of counsel claim, we must indulge a strong presumption
that counsel=s conduct
falls within the wide range of reasonable professional assistance and the
appellant must overcome the presumption that the challenged conduct might be
considered sound trial strategy.  Thompson,
9 S.W.3d at 813; Strickland, 466 U.S. at 689, 104 S.Ct. at 2065.  Any allegation of ineffectiveness must be
firmly founded and affirmatively demonstrated in the record to overcome this
presumption.  Thompson, 9 S.W.3d
at 813; see Jackson, 877 S.W.2d at 771. 
When faced with a silent record as to counsel=s
strategy, this Court will not speculate as to the reasons for counsel=s actions.  See Jackson, 877 S.W.2d at 771.  It is the defendant=s
burden to prove ineffective assistance of counsel by a preponderance of the
evidence.  Thompson, 9 S.W.3d at
813.  

In this case,
Appellant filed a general motion for new trial, but it did not allege
ineffectiveness of his counsel and the motion was overruled without a
hearing.  The record before this Court is
silent as to why Appellant=s
trial counsel chose not to stipulate to the prior theft convictions.  With respect to the Appellant=s claim that his trial counsel failed
to raise Rules 404(b) and 403 objections to witness testimony regarding
Appellant=s
voluntary statements, the record shows that outside the jury=s presence the trial court conducted a
hearing on Appellant=s
statements and found them admissible. 
The record is silent as to why trial counsel chose not to raise further
objections to this evidence.  The record
before us is insufficient to overcome the presumption that counsel=s conduct falls within the wide range
of reasonable professional assistance.  See
Thompson, 9 S.W.3d at 814.  








Further, Appellant
has failed to show that trial counsel=s
conduct prejudiced his defense, that is, that there is a reasonable probability
that the result of the proceeding would have been different but for his trial
counsel=s failure
to stipulate to the prior theft convictions or for his trial counsel=s failure to raise Rules 404(b) and 403
objections to testimony regarding Appellant=s
statements.  At trial, the State
presented testimony from two witnesses who observed Appellant take the items
from the Target store without paying for them. 
Through Mr. Hamb=s
testimony on fingerprint analysis, the State introduced evidence concerning
Appellant=s prior
theft convictions for identification purposes. 
Even assuming trial counsel=s
conduct was deficient, it probably did not affect the outcome of the jury=s guilty verdict.  Appellant=s
sole issue is overruled.  

The judgment of
the trial court is affirmed. 

 

 

August
7, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)